**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:** _____

| | |
|---|---|
| Sharon Burt, <br><br> Plaintiff, <br> v. <br><br> NCC Business Services, INC & Jane Doe <br><br> Defendants. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Sharon Burt is a natural person who resides in the City of St. Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCC Business Services, INC (hereinafter "Defendant NCC") is a collection agency operating from an address of 3733 University Blvd W Suite 300, Jacksonville, FL 32217 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant NCC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or around 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with CitiFinancial, in the approximate amount of $ 5,359.00, which was used by Plaintiff for personal, family and household purchases.

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff. Thereafter, Plaintiff started receiving collection communications from Defendants in an attempt to collect this debt.

### *Initial Contact between Jane Doe and Plaintiff*

9. On or about June 21st, Defendant NCC's collector, Defendant Doe, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. During this call, Defendant Doe left an abusive and harassing message for Plaintiff.

11. Defendant Doe stated that Plaintiff needed to return her phone call by the following Friday or Defendant NCC would "take it to the next step."

### *Plaintiff's Phone Call to Jane Doe*

12. On or about June 21st, Plaintiff returned Defendant Doe's message and Defendant began her effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Defendant Doe demanded that Plaintiff establish a repayment plan.

14. Plaintiff stated that she could only afford to make monthly payments in the amount of $100.00.

15. Defendant Doe told Plaintiff that monthly payments of $100.00 were insufficient.

16. Defendant Doe then demanded that Plaintiff make a payment of $1,500.00 over the phone.

17. Defendant Doe stated that if Plaintiff paid $1500.00 that day, Plaintiff's monthly payments would be reduced to $200.00 per month.

18. Plaintiff again told Defendant Doe that she could not afford to pay $200.00 per month.

19. Thereafter, Defendant Doe told Plaintiff that she owns a house, a car, and has income and that Plaintiff needs to pay her bills.

20. Plaintiff again told Defendant Doe that she could only make monthly payments of $100.00.

21. Defendant Doe told Plaintiff that she must pay $1,500.00 by that Friday or Defendant NCC would garnish her wages.

22. Plaintiff expressed her concerns to Defendant Doe regarding the threatened garnishment action.

23. Plaintiff then told Defendant Doe that she needed to get off the phone because she was at work but that Plaintiff would call Defendant Doe back.

24. Defendant Doe responded by saying to Plaintiff, so now you just want to hang up and not talk about your debt.

25. Defendant Doe continued to admonish and harass the Plaintiff by stating that if she did not hear from the Plaintiff by Friday, she would garnish Plaintiff's paycheck.

26. The statements made by Defendant NCC's debt collector Defendant Doe on this occasion were threats to take actions which Defendant did not intend to take or were not authorized to

take, and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

27. This call on this occasion with Defendant Doe and Plaintiff was, among other things, a false threat to institute litigation against Plaintiff, without the present right or intention to do so, and therefore was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f, amongst others.

*Summary*

28. All of the above-described collection communications made to Plaintiff by Defendant Doe, employed by Defendant NCC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), and 1692f, amongst others.

29. The abusive collection call by Defendant NCC and its employee Defendant Doe caused Plaintiff to cry uncontrollably and made her physically ill because of the emotionally abusive manner in which this debt was collected by these Defendants.

30. Plaintiff became physically ill and began crying uncontrollable because she believed that Defendant NCC would take immediate legal action resulting in garnishment of her check on Friday.

31. Plaintiff's migraines have amplified greatly as a result of the abusive manner in which this debt was collected by these Defendants.

32. The abusive collection calls by Defendant NCC and its employee pushed Plaintiff to consider bankruptcy as a way out of these abusive calls and threats of garnishment action.

33. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the Plaintiff and caused her unnecessary personal strain in her personal life.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

35. The acts and omissions of Defendant Doe, employed as agents by Defendant NCC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant NCC.

36. The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant NCC in collecting consumer debts.

37. By committing these acts and omissions against Plaintiff, Defendant Doe was motivated to benefit their principal, Defendant NCC.

38. Defendant NCC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota tort law, in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

39. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

40.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.  The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

42.  As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each Plaintiff;

- for such other and further relief as may be just and proper.

Dated: August 26th, 2009                                    Respectfully submitted,

                                                            **BUETTNER LAW GROUP, LLC**
                                                            By:  **s/Brea Buettner-Stanchfield**
                                                            Brea Buettner-Stanchfield, Esq.
                                                            Attorney I.D.#0388920
                                                            2021 East Hennepin Avenue, Suite 195
                                                            Minneapolis, Minnesota 55413-1773
                                                            Telephone:  (612) 377-5311
                                                            babuettner@buettnerlawgroup.com


                                                            **Attorney for Plaintiff**

# **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF HENNEPIN          )

Plaintiff Sharon Burt, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Sharon Burt

Subscribed and sworn to before me
this 26th day of August, 2009.

_____
Notary Public

JOHN HALBERT GOOLSBY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2013

-8-